**Dated: July 17, 2019**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

**Marusak, Ronald Edward**  Case No. 18-81208-TRC
 Debtor.  Chapter 13

### ORDER DENYING MOTION TO ABSTAIN

On July 11, 2019, Debtor's Motion for Abstention (Docket Entry 121), with objection filed by LSF8 Master Participation Trust (Docket Entry 130) came on for evidentiary hearing before this court. After review of the docket, record and exhibits submitted in this case, the court finds that the motion should be denied.

A motion for abstention pursuant to 11 U.S.C. § 305(a) is extraordinary relief, only to be granted if the interests of creditors and the debtor would be better served by dismissal or suspension. As the movant, it is Debtor's burden to show that the requested suspension will better serve the interests of himself and his creditors. Courts use a "totality of the circumstances" test and consider seven factors in evaluating a § 305(a) motion: (1) the economy

and efficiency of administration; (2) whether another forum is available to protect the interests of the parties; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and creditors can do an out-of-court work out; (6) whether a non-federal insolvency proceeding is far advanced; and (7) the purpose for which the bankruptcy jurisdiction has been sought.[1] Not all factors are given the same weight, and the inquiry is made on a case-by-case basis.[2]

Debtor does not identify and address any of these factors directly. He essentially argues that it would be more efficient to proceed in the federal district court against LSF8 and stay his bankruptcy case. This case was filed to stop state court foreclosure proceedings. He attempted to remove the state court case to this court by filing an adversary case (Case No. 19-8001) and then moved to withdraw the reference.[3] He also filed a federal court case seeking to alter the state court foreclosure judgment and rescind a settlement agreement entered after the judgment of foreclosure based on alleged jurisdictional defects in the settlement agreement, Case No. 18-cv-00405-RAW.[4] He argues that his federal and state court cases must be allowed to proceed to assess damages against LSF8 that he can then use to offset LSF8's secured claim in bankruptcy court. At the hearing of this motion, Debtor revealed that LSF8 has yet to be served in the

---

[1] *In re General Aeronautics Corp.,* 594 B.R. 442, 480-81 (Bankr. D. Utah 2018) (citing *In re Northshore Mainland Servs., Inc.*, 537 B.R. 192, 203 (Bankr. D. Del. 2015).

[2] *In re Monitor Single Lift I, Ltd*., 381 B.R. 455, 462 (Bankr. S.D.N.Y. 2008)

[3] This court entered its report and recommendation and Debtor's motion is pending before the federal district court.

[4] Debtor's Exhibit B-2, Complaint.

federal court case and that a show cause for failure to prosecute had been issued. Thus, there is no timetable for resolution of these cases in the federal court.

The court does not believe that suspension of the bankruptcy proceeding to allow the federal court cases to continue would promote efficient administration of this case or be beneficial to all parties. Debtor is not using bankruptcy in the way it is intended. He is seeking assistance from federal district and bankruptcy courts to review, vacate or modify state court judgments. He is delaying proposing a confirmable chapter 13 plan to wait on his federal court cases while suggesting to the federal district court that the bankruptcy prevents him from proceeding in his district court case, that he is pursuing discovery regarding his claims against LSF8 through his bankruptcy case, and that he has difficulty in determining the proper party to serve in his federal court action. In addition to pursuing two cases in federal district court, he has attempted to vacate orders in his state court case post-bankruptcy.[5] Thus, it appears he is attempting to delay resolution of his dispute with LSF8 rather than advance and resolve it, and this motion for abstention is yet another means of delay. There is no indication that suspension of his bankruptcy would promote an efficient administration of his dispute with LSF8 that would benefit both parties nor that seeking relief in federal district court is necessary to reach a just and equitable solution.

In filing bankruptcy, Debtor took advantage of the automatic stay to interrupt and delay the effect of the state court foreclosure. In filing his federal court cases, Debtor seeks to interrupt and delay his bankruptcy case by seeking abstention. The state court proceedings had progressed significantly before he turned to this court and the federal district court. These factors weigh against his § 305(a) suspension request. Waiting for the federal cases to run their course would

---

[5] Debtor's Exhibit C-21.

be time consuming and costly to all parties. Suspension of his bankruptcy while he proceeds in yet another forum may not lead to an offset of LSF8's claim since he is attempting to attack judgments entered by a state court through the federal court. The parties state that they have reached two settlement agreements that were purportedly breached by Debtor, which suggests that suspension of bankruptcy to obtain an out of court settlement is unlikely. This court can only conclude that Debtor is using bankruptcy and this motion to suspend proceedings primarily to delay his creditors, and to force LSF8 to incur additional time and expense. The court finds that Debtor has failed to meet his burden to obtain the extraordinary relief of suspension pursuant to § 305(a).

IT IS THEREFORE ORDERED that Debtor's Motion for Abstention (Docket Entry 121) is **denied**.

###